

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-24-2003

# USA v. Barnes

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2566

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Barnes" (2003). *2003 Decisions.* Paper 26.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/26

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NON-PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-2566

UNITED STATES OF AMERICA

v.

VERNON E. BARNES,
a/k/a Tex

VERNON E. BARNES,
Appellant

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 01-cr-00172-1)
District Judge: Honorable Yvette Kane

Argued January 23, 2003

Before: NYGAARD, AMBRO and LOURIE*, <u>Circuit Judges</u>

(Opinion: December 24, 2003)

L. Rex Bickley, Equire (Argued)
121 South Street
Harrisburg, PA   17101
*Attorney for Appellant*

* Honorable Alan D. Lourie, United States Circuit Judge for the Federal Circuit,
sitting by designation.

Thomas A. Marino
  United States Attorney
Theodore B. Smith, III (Argued)
  Assistant U.S. Attorney
Office of United States Attorney
Federal Building
228 Walnut Street
P.O. Box 11754
Harrisburgh, PA   17108
        *Attorneys for Appellee*

---

OPINION OF THE COURT

---

AMBRO, <u>Circuit Judge</u>

Vernon E. Barnes challenges the District Court's decision to depart upward from the United States Sentencing Guidelines custody range of 151 to 188 months to sentence him to 240 months imprisonment. The District Court's failure to set out the reasons for the departure has hampered our ability to review it.[1] We nonetheless conclude that the

---

[1] When a court departs from the Sentencing Guidelines custody range, Congress requires it to state "the specific reason" for the departure. 18 U.S.C. § 3553; *see also* 18 U.S.C. § 3742(e)(3)(C) ("[T]he court of appeals shall determine whether the sentence . . . departs to an unreasonable degree from the applicable guidelines range, having regard for . . . the reasons for the imposition of the particular sentence, as stated by the district court pursuant to the provisions of section 3553(c)."). We have repeatedly emphasized this requirement in contexts relevant to the District Court's decision to depart. *See, e.g.*, *United States v. Cicirello*, 301 F.3d 135, 146 (3d Cir. 2002) ("We are not alone in mandating that sentencing courts . . . reflect their reasoning . . . .") (citations omitted); *United States v. Harris*, 44 F.3d 1206, 1213 (3d Cir. 1995) (noting that the District Court's "cryptic articulation of its reasoning" was "too conclusory to permit us to perform our review function and attempt to assure the uniformity of sentencing that Congress

2

departure was permitted, and therefore affirm.

## BACKGROUND

The parties are familiar with the facts of the case, so we describe them only briefly. Within a two-week period Barnes and two other men, Erick Hobbs and Ernest Weidner, committed three bank robberies. Barnes stole the getaway cars for each of the robberies. At each bank, he pointed a gun at a teller. And he used the robbery proceeds to purchase large quantities of marijuana.

Barnes was convicted of the October 13, 1999, robbery of the Adams County National Bank in Cashtown, Pennsylvania.[2] Under the Sentencing Guidelines, he has 27 criminal history points, putting him in criminal history category VI, and an offense level of 29, resulting in a custody range of 155 to 181 months. As noted above, the District Court departed upward to sentence Barnes to 240 months in prison, the statutory maximum under 18 U.S.C. § 2113(a). The Court explained its decision, in relevant part, as follows:

---

sought to achieve"). The District Court's conclusory explanation here did little more than parrot the provisions of the Guidelines that authorized it to depart.

[2] A four-count indictment was brought against Barnes on the basis of this robbery. Count I charged him with conspiracy to commit the offenses charged in the remaining counts, in violation of 18 U.S.C. § 371. Count II charged him with bank robbery, in violation of 18 U.S.C. § 2113(a), and Count III with armed bank robbery, in violation of 18 U.S.C. § 2113(d). Count IV charged a violation of 18 U.S.C. § 924(c)(1)(A)(I) for the use of a firearm in committing a crime of violence. Barnes pled guilty to Count II, pursuant to a plea agreement in which the Government agreed, *inter alia*, to dismiss the remaining counts.

[U.S.S.G. §] 4A1.3 . . . warrants departure. The defendant's criminal history is underrepresented even by a category VI. It does not adequately reflect the past criminal conduct of which he's been adjudicated nor his likeliness to reoffend. 5K2.21 also warrants departure in this case. There are uncharged crimes, auto theft and drug trafficking[,] that were not taken into consideration in the charging, as well as two additional bank robberies.

I have struggled mightily with this case, Mr. Bickley [counsel for Barnes], in fairness to your defendant, and I can't think of a single mitigating factor in his behalf that would make me want to sentence him to anything less than the maximum penalty in this case.

Barnes timely appealed to this Court. The District Court's jurisdiction arose under 18 U.S.C. § 3231; we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(e).

## DISCUSSION

We review the District Court's findings of fact under the clearly erroneous standard. *Id.* Traditionally, we have reviewed for an abuse of discretion a district court's decision to depart from the Sentencing Guidelines and accorded deferential review to the degree of departure. *United States v. Warren*, 186 F.3d 358, 362 (3d Cir. 1999). Since the District Court's decision and the submission of this case for our review Congress enacted the PROTECT Act, Pub. L. No. 108-21, § 401, 117 Stat. 650, 667 (Apr. 30, 2003), which appears to require *de novo* review of "the district court's application of the guidelines to the facts." § 3742(e) (2003). But we need not decide which standard of review applies to this case (and thus inferentially whether the PROTECT Act is

4

retroactive), as we would affirm under either standard.

We do so on the basis of the District Court's decision to depart upward pursuant to U.S.S.G. § 5K2.21 for uncharged conduct.[3] Barnes makes two arguments concerning the departure on the basis of uncharged conduct. First, he argues that the District Court should not have relied on the uncharged crimes described in the PSR without discussion at the sentencing hearing of those crimes or additional evidentiary basis. Second, he contends that the degree of departure on the basis of uncharged conduct was not warranted.[4]

1. The District Court's reliance on the uncharged conduct without additional discussion of it was not improper. The PSR recommended an upward departure on this ground, and Barnes had the opportunity to discuss this issue in his written objections to

---

[3] Section 5K2.21 permits a court to "increase the sentence above the guideline range to reflect the actual seriousness of the offense based on conduct (1) . . . underlying a potential charge not pursued in the case as part of a plea agreement or for any other reason; and (2) that did not enter into the determination of the applicable guideline range." *Id.*; *see also* § 1B1.4, comment. (backg'd) ("[I]f the defendant committed two robberies, but as part of a plea negotiation entered a guilty plea to only one, the robbery that was not taken into account by the guidelines would provide a reason for sentencing at the top of the guideline range and may provide a reason for sentencing above the guideline range.").
    It is not clear to us that a departure on the ground that Barnes' criminal history category underrepresents his criminal history (or likelihood of recidivism) is warranted or, if it is, the degree of departure that would be warranted. We need not decide this issue, however, because the District Court's departure decision is fully supported by Barnes' uncharged conduct.

[4] If, as we do, we reject Barnes' first argument, he does not challenge the District Court's decision to depart upward, but only the degree of departure.

5

the PSR and at the sentencing hearing. He chose not to do so. The Court had no duty *sua sponte* to initiate discussion of the uncharged conduct in order to consider it in the sentence imposed.

Barnes further objects to the District Court's reliance on the information contained in paragraphs 18 through 23 of the PSR, which describe the two other bank robberies. In the sentencing context, "the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3. The requirement that the information have "sufficient indicia of reliability" "should be applied rigorously." *Warren*, 186 F.3d at 365. Nonetheless, that requirement is met here.

The PSR states that Hobbs admitted that he robbed the three banks with Barnes and Weidner and recounts specific details about the robberies. Barnes himself admitted that he committed the robbery for which he was convicted. The *modus operandi* of each of the other two robberies was notably similar to the one of conviction (the PSR further reports that nine witnesses described one of the other robberies to the FBI). The three robberies occurred in close temporal and geographic proximity. And although Barnes denied in his objections to the PSR that he provided guns for the bank robberies, he has not denied committing the other two robberies, stealing the getaway cars, or trafficking in

6

drugs with the robbery proceeds.[5]  Indeed, Barnes admitted that he "used the money to

buy drugs."  With this context, the description of the robberies described in the PSR

contains sufficient indicia of reliability.[6]

2.  Barnes further contends that the uncharged conduct did not warrant the extent

of the upward departure.  The degree of departure must be "reasonable," § 3742(e)(3),

when considered by "objective standards."  *United States v. Kikumura*, 918 F.2d 1084,

1110 (3d Cir. 1990).  In *Kikumura*, we explained that where aggravating conduct would

constitute a separate offense, courts may evaluate the reasonableness of a departure "by

treating the aggravating factor as a separate crime and asking how the defendant would be

treated [under the Guidelines] if convicted of it."  *Id.* at 1112 (internal citation omitted).

If the District Court had not engaged in the requisite reasoning by analogy to the

Guidelines, we would ordinarily remand for application of it.  *Id.* at 1114.  But we were

"convinced beyond any doubt" that the Court would impose the same sentence if applying

---

[5] In his written objections to the PSR, Barnes did not object to paragraphs 16-23.  He did, however, object generally to the PSR's suggestion that an upward departure might be warranted, and the United States concedes that Barnes preserved the issue on appeal. Nonetheless, it is significant that Barnes specifically objected to the PSR's assertion of other alleged facts, but not to those discussed here.

[6] To the extent that Barnes additionally argues that the uncharged conduct was not sufficiently proved, "facts deemed relevant to a departure from the Guidelines sentencing range generally" – and here – "need be proved only by a preponderance of the evidence." *United States v. Baird*, 109 F.3d 856, 865 n.8 (3d Cir. 1997).  The District Court did not clearly err in finding the additional robberies, car theft, and drug trafficking proved by a preponderance of the evidence.  Although the amount of drugs trafficked is arguably insufficiently proved for sentencing purposes, we shall not rely on the drug trafficking in upholding Barnes' sentence.

7

the proper standard. *Id.* Here, too, we have no doubt the District Court would reach the same result again.

In this context, we conclude that the District Court did not err in departing upward from the Guidelines. For sentencing purposes, the three bank robberies would not be grouped together. U.S.S.G. § 3D1.2(d). We consider the robbery of conviction as the offense with the highest offense level, and so count that robbery as one unit. U.S.S.G. § 3D1.4. Because we have no reason to believe that the other two robberies are not equally serious (or are greater than four levels less serious), each additional robbery adds another unit. *Id.* When, as here, the number of units totals three, the offense level is increased by three. *Id.* Increasing Barnes's offense level (29) by three results in an offense level of 32. Barnes's adjusted offense level of 32 combined with a criminal history category VI yields a custody range of 210 to 262 months. The 240 month sentence falls within this range.

In light of the two additional robberies and Barnes's theft of the getaway cars, we conclude that the District Court justifiably sentenced Barnes to the statutory maximum.

## CONCLUSION

The District Court did not err both in relying on the information concerning uncharged conduct contained in the PSR and, after so doing, in departing upward to sentence Barnes to the statutory maximum. We therefore affirm.

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

/s/ Thomas L. Ambro, Circuit Judge